1

2

3                                                          FILED IN THE
                                                       U.S. DISTRICT COURT
                                                   EASTERN DISTRICT OF WASHINGTON

                                                   Nov 30, 2022
4
                                                     SEAN F. McAVOY, CLERK

5                    UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF WASHINGTON

6

7   UNITED STATES OF AMERICA,              Nos.  2:13-cr-6035-EFS
                                                 2:13-cr-6040-EFS
8                         Plaintiff,

9          v.                              **ORDER GRANTING IN PART
                                           DEFENDANT'S MOTION FOR
10  KYLE DAVID MILTON,                     SENTENCE REDUCTION**

11                        Defendant.

12

13         Before the Court is Defendant Kyle David Milton's Motion for Relief Under

14  18 U.S.C. § 3582(c)(1)(A)(i).[1]  For the reasons that follow, the Court grants the

15  motion in part and denies it in part.  While the Court finds Defendant has

16  presented reasons for reducing his sentence that are sufficiently extraordinary and

17  compelling to warrant a moderate sentence reduction, the reasons presented and

18  the applicable sentencing factors do not warrant a reduction below a 120-month

19  term of imprisonment, which is also the minimum term allowed by statute.

20
    _____

21  [1] ECF No. 110/96.  Unless otherwise indicated, all record citations refer first to case

22  number 2:13-cr-6035-EFS, then, if applicable, to case number 2:13-cr-6040-EFS,

23  separated by a "/".

                                                              ORDER - 1

# I. <u>BACKGROUND</u>

The issues raised in Mr. Milton's motion stem from the interplay between his sentences imposed by this Court and one imposed by the state court.

## A.   Criminal Conduct & Related State Charges

In January 2011, Mr. Milton sold methamphetamine to a confidential informant during a controlled purchase (the "2011 Drug Sale"). Although the record does not indicate that Mr. Milton was arrested in January 2011, this conduct ultimately resulted in a state charge—and later, a conviction—in Benton County Superior Court cause number 12-1-00946-9 for delivery of a controlled substance: methamphetamine.[2]

In August 2012, Mr. Milton was arrested and charged for committing a new, separate controlled-substance offense involving the possession of methamphetamine with intent to distribute (the "2012 Drug Possession").[3] He was arrested and charged in state court.[4] Later that month, Mr. Milton posted bail and was released from custody.[5]

---

[2] *See* ECF No. 72/62 at 18 ¶ 105.

[3] *See* ECF No. 72/62 at 20 ¶ 125; *see also* ECF No. 65/55 at 1–2, 5–8.

[4] The state proceedings relating to the 2012 conduct were Benton County case numbers PC12Y0585 and 12-1-00947-7, which were dismissed August 7, 2012, and June 19, 2013, respectively. *See* ECF No. 72/62 at 20 ¶¶ 125–26.

[5] *See* ECF No. 72/62 at 7–8 ¶ 21.

In March 2013, Mr. Milton was yet again found in possession of methamphetamine with intent to distribute (the "2013 Drug Possession") and arrested with a new state charge.[6]  The state later dropped both this charge and the charge arising from the 2012 Drug Possession.  However, the state charge for the 2011 Sale remained pending, and he therefore stayed in state custody.[7]

**B.    Federal Charges & State-Court Sentence**

In June 2013, the United States filed an indictment in this Court based on Mr. Milton's 2012 Drug Possession, charging him with possession with intent to distribute 50 grams or more of actual methamphetamine, in case number 2:13-cr-6035-EFS ("Case No. 6035").[8]  A few days later, the United States also indicted Mr. Milton based on his 2013 Drug Possession, again charging him with possession with intent to distribute 50 grams or more of actual methamphetamine, but this time in case number 2:13-cr-6040-EFS ("Case No. 6040").[9]  Still, Mr. Milton remained in state custody.

By the end of September 2013, Mr. Milton had pleaded guilty to the 2011 Drug Sale, and the Benton County Superior Court sentenced him to 30 months of

---

[6]  Mr. Milton was charged in Benton County case number PC12Y0171, which was dismissed on March 14, 2013. *See* ECF No. 72/62 at 2.

[7] *See* ECF No. 72/62 at 2.

[8] *See* Case No. 6035, ECF Nos. 1, 41.

[9] *See* Case No. 6040, ECF No. 1.

ORDER - 3

1    imprisonment. [10]  Then, in late October 2013, Mr. Milton made his first

2    appearances in the instant cases after the United States brought him into federal

3    custody on a writ of habeas corpus ad prosequendum.[11]  Soon thereafter, the

4    United States filed a notice of enhanced penalties under 21 U.S.C. § 851 in both

5    cases, based on a 2009 state-court conviction for simple possession of

6    methamphetamine.[12]  Under the law applicable at the time, the § 851 notice meant

7    that Mr. Milton faced a potential mandatory minimum prison term of 20 years.[13]

8    **C.    Federal Plea Agreement & Sentences**

9            In October 2014, pursuant to a plea agreement, Mr. Milton entered a guilty

10   plea in Case No. 6035 as well as Case No. 6040.  In exchange, among other things,

11   the United States agreed to withdraw the § 851 notice in both cases, thereby

12   reducing the mandatory minimum prison terms to 10 years in each case.[14]  In the

13   plea agreement, the parties agreed that "they w[ould] not seek either an upward or

14

15   [10] ECF No. 72/62 at 18 ¶ 105.

16   [11] *See* ECF No. 17/15.

17   [12] ECF No. 9/9; *see also* ECF No. 72/62 at 17 ¶ 100.

18   [13] *See* ECF Nos. 43/3, 9/9.  Though valid at the time, the noticed 2009 conviction

19   could not serve as an § 851 enhancement under current law. *See* 21 U.S.C.

20   § 802(57) (defining "serious drug felony" as "an offense described in section

21   924(e)(2) of title 18"); *see also* 18 U.S.C. § 924(e)(2)(A)(ii) (omitting simple

22   possession from its definition of "serious drug felony").

23   [14] ECF No. 65/55 at 11.

a downward departure from the applicable Guidelines."[15]  They also agreed to
jointly recommend a sentence at the low-end of the applicable Guidelines range
and that the two federal sentences should run concurrently with each other as well
as "any other sentence previously imposed by a state court."[16]

In April 2015, the Court held Mr. Milton's sentencing hearing in the instant
cases.  The Court found, and the parties agreed, that Mr. Milton's criminal-history
category was VI, his total offense level was 29, and the advisory Guidelines
indicated a sentencing range of 151–188 months' imprisonment.[17]  Consistent with
the terms of the plea agreement, neither party requested a departure, and they
jointly recommended the bottom of the Guidelines range: 151 months.[18]  Even so,
the Court found a downward variance was warranted and sentenced Mr. Milton
outside of the advisory Guidelines system, arriving at a sentence of 127 months'
imprisonment in each case.[19]

Additionally, and again consistent with the plea agreement, the parties
jointly recommended that Mr. Milton's federal sentences run concurrently "to the
state court case," specifically identifying the state-court sentence resulting from the

---

[15] ECF No. 65/55 at 10.

[16] *See* ECF No. 65/55 at 11.

[17] *See* ECF No. 71/61 at 6; ECF No. 78/68 at 2; ECF No. 85/75 at 1.

[18] *See* ECF No. 65/55 at 10 ¶ 9, 11 ¶ 11; ECF No. 103/89 at 4.

[19] ECF No. 84/74 at 2; ECF No. 85/75 at 2–4.

1    2011 Drug Sale.[20]  The transcript from the April 2015 sentencing hearing shows

2    that all in attendance believed that Mr. Milton had time remaining on his state-

3    court sentence for the 2011 Offense and that he would therefore be returned to

4    state custody after sentencing to serve out his remaining state-court term.[21]  The

5    Court found the parties' request reasonable and ruled that—in relation to the

6    state-court sentence—the federal sentences would "be concurrent to the extent

7    that's technically permissible."[22]

8          Unbeknownst to the parties or the Court at the time, however, as of

9    November of 2014, Mr. Milton had already completed his 30-month state-court

10    sentence.[23]  Thus, when the Court sentenced Mr. Milton in April 2015, there was

11    no longer any state-court sentence with which the federal sentences could run

12    concurrently.

13    ///

14    //

15    /

16

---

17    [20] ECF No. 103/89 at 16; *see also* ECF No. 71/61 at 10; ECF No. 78/68 at 4.

18    [21] *See* ECF No. 72/62 at 18 ¶ 108 ("He will have to return to the Washington

19    Department of Corrections to complete his confinement time . . . ."); *see also* ECF

20    No. 103/89 at 16 (U.S. Probation Officer stating at sentencing hearing, "He's out on

21    a writ from [Washington Department of Corrections], so he'll return there.").

22    [22] ECF No. 103/89 at 16–17.

23    [23] *See* ECF No. 110-1/96-1.

**D.    Time Credited by the Bureau of Prisons**

The Bureau of Prisons (BOP) has given Mr. Milton credit for the following periods spent in custody:[24]

- **August 2, 2012, to August 27, 2012**.  These 25 days reflect the time spent in state custody on the dismissed state charge for the 2012 Drug Possession.[25]

- **March 7, 2013, to March 18, 2013**.  These 11 days reflect the time spent in state custody on the dismissed state charge for the 2013 Drug Possession.[26]

- **November 9, 2014, to April 21, 2015**.  These 163 days reflect the time spent in federal custody after the state-court sentence was fully satisfied and before Mr. Milton's sentencing in the instant cases.

Thus, the BOP has not credited Mr. Milton for any time spent in custody between March 19, 2013, and November 8, 2014.  He now asks that the Court reduce his sentence such that he would effectively receive credit for those 600 days.

## II.    ANALYSIS

In bringing his motion, Mr. Milton asserts that "[t]he record is clear that all parties and the Court intended for Mr. Milton to be credited for ***all*** of the time he

---

[24] *See* ECF No. 110-2/96-2 at 3.

[25] ECF No. 72/62 at 20 ¶ 125.

[26] ECF No. 72/62 at 20 ¶ 127.

ORDER - 7

spent in state custody . . . ."[27]  To accomplish this, Mr. Milton invokes 18 U.S.C.

§ 3582(c)(1)(A)(i), and asks the Court to reduce his sentence of imprisonment from

the previously imposed 127 months to a term of 107 months and 8 days[28]—a

sentence which would fall below the otherwise-applicable 120-month mandatory

minimum set forth by Congress.[29]  And, as support for a below-statutory-minimum

sentence based on credit for an already discharged state-court sentence, Mr. Milton

points to sections 5K2.23 and 5G1.3 of the U.S. Sentencing Guidelines in addition to

*United States v. Drake*, 49 F.3d 1438, 1439 (9th Cir. 1995).

## A.  The Court did not intend to retroactively credit Mr. Milton for time already credited toward his state-court sentence.

As an initial matter, Mr. Milton is mistaken in his suggestion that the Court

intended his new federal sentences to apply retroactively such that they would run

concurrently with the entirety of the previously imposed state-court sentence.  By

ordering that the federal sentences "be concurrent [with the state-court sentence]

to the extent that's technically permissible,"[30] the Court meant only that the

---

[27] ECF No. 110/96 at 18–19 (emphasis in original).

[28] ECF No. 110/96 at 1, 10, 14, 18, 21, 23.

[29] *See* 21 U.S.C. § 841(b)(1)(A) (providing that a defendant such as Mr. Milton "shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life").

[30] ECF No. 103/89 at 16–17.

sentences would run concurrently *going forward*.[31]  This was to ensure that, after

sentencing, Mr. Milton would immediately begin receiving credit toward his 127-

month federal sentences (rather than potentially needing to wait until he first

completed whatever time remained on his state-court sentence).  Similarly, by

ordering that Mr. Milton "receive credit for time served in federal custody prior to

sentencing in this matter," the Court was merely ensuring that every day he spent

in federal custody was accounted for and applied toward at least *a* sentence;[32] the

Court was not purporting to dictate to the BOP how—or to which sentence—each

day was to be credited.[33]

**B.    The Court lacked the authority to credit Mr. Milton for time served
        on the state-court sentence at issue.**

Mr. Milton emphasizes that when he was sentenced in the instant cases,

everyone believed there to be time remaining on his state-court sentence.  He

---

[31] This is further evidenced by the Court's estimates as to Mr. Milton's potential

release date, which contemplated completion of his full federal term, starting from

the sentencing date. *See* ECF No. 103/89 at 11–12. *See also Schleining v. Thomas*,

642 F.3d 1242, 1249 (9th Cir. 2011) ("[Defendant's] federal sentence does not begin

under 18 U.S.C. § 3585 until he has been sentenced in federal court . . . .").

[32] ECF No. 82/72 at 2; ECF No. 84/74 at 2.

[33] "Credit for time served is indeed a matter which generally falls within the

province of the Bureau of Prisons under 18 U.S.C. § 3585(b)." *Drake*, 49 F.3d at

1440.

argues that if his counsel at the time had known that the state-court sentence had

already been discharged, then he could have sought a downward departure under

the Guidelines.  However, Mr. Milton's argument overlooks a key detail: the state-

court sentence at issue did not result from relevant conduct as to either the 2012

Drug Possession or the 2013 Drug Possession.

### 1.    <u>Concurrent Sentences, Generally</u>

By statute, a federal court has the option to order sentences to run

concurrently only when imposing multiple terms of imprisonment at the same time

or "if a term of imprisonment is imposed on a defendant who is already subject to

an *undischarged* term of imprisonment."[34]  Additionally, "a federal sentence cannot

commence until [the defendant] is sentenced in federal district court."[35]  Thus,

sentencing courts are generally barred from fashioning a sentence to run

concurrently with an already discharged term of imprisonment.

### 2.    <u>U.S.S.G. §§ 5K2.23 & 5G1.3</u>

Mr. Milton is correct that under U.S.S.G. §§ 5K2.23 and 5G1.3, a sentencing

court may—in appropriate circumstances—grant a downward departure to account

for time that the defendant has already served on a completed term of

imprisonment.  However, regardless of whether the prior term of imprisonment has

already been discharged, §§ 5K2.23 and 5G1.3 are expressly limited to instances in

---

[34] 18 U.S.C. § 3584(a) (emphasis added).

[35] *Schleining*, 642 F.3d at 1244.

which such prior term "resulted from another offense that is relevant conduct to the instant offense."[36]

Mr. Milton's 2011 Drug Sale is removed and distinct from his 2012 and 2013 offenses for which he was sentenced in the instant cases.  Although all three offenses relate to distribution of methamphetamine, none of the conduct underlying the 2011 Drug Sale can be fairly characterized as "relevant conduct" in relation to Mr. Milton's 2012 Drug Possession, much less his 2013 Drug Possession.[37]  Thus, regardless of whether or when the resulting state-court sentence was discharged, neither § 5K2.23 nor § 5G1.3 could have been used to reduce his sentences when he was originally sentenced.  The same is true now.

### 3.    *United States v. Drake*

Even assuming arguendo that § 5K2.23 and § 5G1.3 could have applied at sentencing, Mr. Milton fails to provide any authority under which the Court could have imposed a sentence below the applicable 120-month mandatory minimum.[38]  Mr. Milton cites to *Drake* for the proposition that "a federal district court has

---

[36] *See* U.S.S.G. § 5G1.3(b); *see also* U.S.S.G. § 5K2.23 (incorporating by reference § 5G1.3(b)).

[37] *See* U.S.S.G. § 1B1.3(a)(1), (2), (3) (setting forth what constitutes "relevant conduct to the instant offense" for purposes of § 5G1.3(b)).

[38] *See* 21 U.S.C. § 841(b)(1)(A).

1    authority to sentence a defendant below the mandatory minimum if done to credit

2    them for prior state custody."[39]  But this is only partially correct.

3         In *Drake*, the Ninth Circuit panel held that U.S.S.G. § 5G1.3 can sometimes

4    create a quasi-exception to otherwise-applicable mandatory minimum terms of

5    imprisonment.  There, Mr. Drake had first been sentenced in state court for armed

6    robbery and later sentenced by a federal district court for unlawfully possessing

7    the firearm used in that same robbery.[40]  Although Mr. Drake was subject to a

8    mandatory minimum in the federal case, the Ninth Circuit on appeal reasoned that

9    "in appropriate circumstances[,] time served in custody prior to the commencement

10   of the mandatory minimum sentence is time 'imprisoned' for purposes of

11   § 924(e)(1)."[41]  As such, the panel remanded the case to the district court for

12   resentencing, ordering it "to credit Drake with time served in state prison."[42]

13

14   [39] *See* ECF No. 116/102 at 3–4 (citing, generally, *Drake*, 49 F.3d 1438).

15   [40] *Drake*, 49 F.3d at 1439.

16   [41] *Drake*, 49 F.3d at 1440 (quoting *United States v. Kiefer*, 20 F.3d 874, 876 (8th

17   Cir. 1994)).  The Court questions, but need not decide, whether the *Drake* holding

18   extends to the statute applicable here: 21 U.S.C. § 841(b)(1). *Cf. United States v.*

19   *Moore*, 918 F.3d 368, 372 n.2 (4th Cir. 2019) (noting that whereas 18 U.S.C.

20   § 924(e)(1) mandates that a defendant be "*imprisoned* not less than fifteen years,"

21   under 21 U.S.C. § 841(b)(1), a defendant "shall be *sentenced* to a term of

22   imprisonment which may not be less than 10 years" (emphasis added)).

23   [42] *Drake*, 49 F.3d at 1441.

1      Mr. Milton acknowledges that, unlike his own state-court sentence, the

2   state-court sentence at issue in *Drake* had not yet been discharged at the time of

3   federal sentencing.[43]  Contrary to Mr. Milton's arguments otherwise,[44] however,

4   this is an important distinction.  In *United States v. Saldana*, a Ninth Circuit panel

5   issued an unpublished decision reversing the sentencing court under circumstances

6   remarkably similar to what Mr. Milton now proposes.[45]

7      In *Saldana*, the Ninth Circuit said,

8      We conclude that the district court erred by reducing [the defendant]'s
       sentence by ten months pursuant to U.S.S.G. § 5G1.3(b) . . . . Because
9      [the defendant]'s state court sentence was fully discharged at the time
       of his federal sentencing, the district court had no discretion to adjust
10     [his] sentence below the mandatory minimum of 120 months provided
       under 21 U.S.C. § 841(b)(1)(A)(viii).[46]

11

12     Even considering *Drake*'s precedent, the *Saldana* holding makes sense.  As

13  the Fourth Circuit has observed, unlike U.S.S.G. § 5K2.23—on which Mr. Milton

14  necessarily relies—U.S.S.G. § 5G1.3 is supported by an enabling statute: 18 U.S.C.

15  § 3584(a), which provides that "if a term of imprisonment is imposed on a

16  defendant who is already subject to an *undischarged* term of imprisonment, the

17

18  [43] ECF No. 110/96 at 25.  Another key difference is that, unlike here, both the

19  federal and the state-court sentences at issue in *Drake* were based on the same

20  underlying conduct. *See* 49 F.3d at 1439.

21  [44] *See* ECF No. 116/102 at 3–4.

22  [45] *See, generally, United States v. Saldana*, 853 Fed. Appx. 106 (9th Cir. 2021).

23  [46] *Id*. at 110 (cleaned up).

terms may run concurrently or consecutively."[47]  Thus, even if the Court were able to find that Mr. Milton's 2011 Drug Sale shared relevant conduct with his 2012 and/or 2013 Drug Possessions, U.S.S.G. § 5K2.23 and *Drake* would still be of no use to him, "because his state sentence was discharged and no statute authorizes a lower federal sentence based on time already served on a state sentence."[48]

**C.    Mr. Milton has exhausted the administrative remedies.**

Under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, an inmate may properly file a motion for relief only if he has first "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[49]  Although not a bar to subject-matter jurisdiction, if timely raised, strict compliance is required; "§ 3582(c)(1)(A)'s administrative exhaustion requirement imposes a mandatory claim-processing rule that must be enforced when properly invoked."[50]

Here, the parties agree—and evidence shows—that Milton timely submitted the proper request to the warden of his assigned BOP facility.[51]  The United States

---

[47] 18 U.S.C. § 3584(a) (emphasis added); s*ee also United States v. Moore*, 918 F.3d 368, 371 (4th Cir. 2019) (noting the same distinction).

[48] *See United States v. Moore*, 918 F.3d 368, 372 (4th Cir. 2019)

[49] 18 U.S.C. § 3582(c)(1)(A).

[50] *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021).

[51] *See* ECF Nos. 110-3/96-3, 110-4/96-4.

1  therefore agrees Mr. Milton has satisfied § 3582(c)(1)(A)'s administrative

2  exhaustion requirement.[52]

3  **D.    Mr. Milton provided reasons sufficiently extraordinary and**

4  **compelling to warrant a moderate sentence reduction.**

5          The United States agrees that, "pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and

6  the factors set forth in 18 U.S.C. § 3553(a), Defendant may be entitled to a

7  reduction of sentence to 120 months on each of his federal cases."[53]  As mentioned,

8  Mr. Milton argues for a greater reduction.  However, even assuming arguendo that

9  the Court has the authority to reduce Mr. Milton's sentence below the mandatory

10  minimum set by 21 U.S.C. § 841(b)(1)(A), the Court is not persuaded that the

11  circumstances are so extraordinary as to warrant a reduction below 120 months.

12          **1.    <u>Impact of Delayed Sentencing</u>**

13          The Court sympathizes with Mr. Milton's situation.  At his request, his

14  sentencing hearing was delayed more than once.[54]  Yet, given the nature of

15  concurrent sentences, an earlier sentencing hearing before this Court would have

16  resulted in an overall earlier release date.  And, although the Court would have

17  likely still been unable to credit him for time already served on his state-court

18  sentence, the parties might have sought an earlier sentencing date had they

19

20

21  [52] ECF No. 114/100 at 2.

22  [53] ECF No. 114/100 at 2.

23  [54] *See* ECF Nos. 76/66, 80/70.

realized that, under the BOP's calculations, every day that Mr. Milton remained unsentenced was—as a practical matter—another day added to his sentence.[55]

The Court finds Mr. Milton's situation to be sufficiently extraordinary to warrant a moderate sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). Even so, absent more, the Court cannot find his proffered reasons justify the full relief he requests. After all, at the time of sentencing, the Court was bound only by the applicable statutory requirements. As Mr. Milton's plea agreement made clear, there was no promise or guarantee the Court would impose any particular length of imprisonment or that his sentences would run concurrently with each other, much less his state-court sentence.[56]

### 2.    Arguments Outside the Scope of § 3582(c)(1)(A)

In addition, many of the facts and reasons that Mr. Milton puts forth appear extraordinary only to the extent that they might support a different claim for relief. For example, one of Mr. Milton's foundational assertions is that after the United States obtained a writ of habeas corpus ad prosequendum, neither party realized that "the Washington Department of Corrections would continue to credit Mr. Milton's time in custody toward his state sentence after he came into federal

---

[55] That is, days were effectively added until November 8, 2014, at which point his state-court sentence was discharged.

[56] *See* ECF No. 65/55 at 2–3; *see also* 18 U.S.C. § 3584(a) (creating presumption that, absent the court expressly directing otherwise, a new term of imprisonment will run consecutively).

1    custody on this writ."[57]  Yet, by default, "a prisoner's prior custody status persists

2    . . . when a state prisoner is transferred to a federal detention facility pursuant to

3    a writ of habeas corpus ad prosequendum."[58]

4        Indeed, throughout his motion, Mr. Milton also asserts several other reasons

5    why he believes he received ineffective assistance of counsel.  He argues that his

6    counsel "was ineffective for not properly investigating the status of the state court

7    sentence prior to federal sentencing and not realizing that this sentence was fully

8    discharged," as well as for "not advising the Court that the state sentence was fully

9    discharged, and consequently failing to advise the Court about how the Court could

10   credit Mr. Milton for the time he spent in state custody toward his federal

11   sentence."[59]  But Mr. Milton fails to persuade the Court that the alleged ineffective

12   assistance of counsel would constitute "extraordinary and compelling reasons" for

13   purposes of relief under 18 U.S.C. § 3582(c)(1)(A).  "Section 3582(c) . . . does not

14   grant to the court jurisdiction to consider extraneous resentencing issues such as

15

16   [57] *See* ECF No. 110/96 at 3.

17   [58] *United States v. Brown*, 875 F.3d 1235, 1239 (9th Cir. 2017). *See also Thomas v.*

18   *Brewer*, 923 F.2d 1361, 1367 (9th Cir. 1991) ("When an accused is transferred

19   pursuant to a writ of habeas corpus ad prosequendum he is considered to be 'on

20   loan' to the federal authorities so that the sending state's jurisdiction over the

21   accused continues uninterruptedly."); *Johnson v. Gill*, 883 F.3d 756, 764 n.10 (9th

22   Cir. 2018).

23   [59] ECF No. 110/96 at 19–20; *see also, e.g.*, *id.* at 7.

this one. [Mr. Milton] must instead bring such a collateral attack on his sentence under 28 U.S.C. § 2255."[60]  In that regard, the Court expresses no opinion as to the merits or wisdom of any such motion or related arguments.[61]

**E.  The applicable § 3553 factors weigh in favor of a moderate sentence reduction.**

Where extraordinary and compelling reasons might otherwise warrant a sentence reduction, before granting relief, courts must first consider "the factors set forth in section 3553(a) to the extent that they are applicable."  Further, although not binding where a defendant has filed his own motion, "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant."[62]

**1.  <u>Factors Underlying Defendant's Sentence</u>**

The Court found during sentencing that 127 months of imprisonment was sufficient, but no greater than necessary, to account for Mr. Milton's history and characteristics, avoid unwarranted sentencing disparities, reflect the seriousness of

---

[60] *United States v. Bravo*, 203 F.3d 778, 782 (11th Cir. 2000); *see also United States v. Jackson*, 21 F.4th 1205, 1212 (9th Cir. 2022). *Cf. United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984) ("Review of the execution of a sentence may be had through petition for a writ of habeas corpus under 28 U.S.C. § 2241.").

[61] Mr. Milton's current motion does not set forth sufficient arguments or evidence for the Court to construe and consider it under § 2255.

[62] *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).

his offenses, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from him committing further crimes.[63]  At the time of sentencing, the Court considered Defendant's significant criminal history, which included not only distributing large amounts of drugs but also instances of violence and possession of firearms.[64]  The Court also considered the fact that—under the law applicable at the time—Mr. Milton's criminal history would have resulted in a mandatory term of 20 years in prison if not for his plea agreement. And, even though the Guidelines recommended a term of 151–188 months, the Court sentenced him to 127 months, finding it was the minimum sentence that would serve the goals and purposes of sentencing.[65]

### 2. **Factors Applicable Today**

The above considerations remain largely persuasive today.  The Court notes that although Mr. Milton has completed a great number of educational courses while imprisoned, he has also received several disciplinary infractions.[66]  While Mr. Milton's educational efforts are commendable, and the Court encourages him in his efforts, the overall record does not warrant a reduction below a 120-month term of imprisonment.

---

[63] ECF No. 85/75 at 3–4.

[64] *See* ECF No. 72/62.

[65] ECF No. 85/75 at 3–4.

[66] ECF No. 110-5/96-5; *see also* ECF No. 110/96 at 21 (referring to "seven disciplinary infractions, four of which are for possession of drugs or alcohol").

**F.      Conclusion: Mr. Milton's motion for compassionate release is granted in part.**

The Court finds that Mr. Milton has presented sufficiently extraordinary and compelling reasons to warrant a sentence reduction from 127 months to a new term of 120 months.  The Court similarly finds the applicable § 3553 factors support the same.[67]  The Court therefore grants Mr. Milton's motion in part, and an amended judgment will be entered.

Accordingly, **IT IS HEREBY ORDERED:**

1.      Defendant's Motion for Relief Under 18 U.S.C. § 3582(c)(1)(A)(i), **ECF No. 110 in Case No. 2:13-cr-6035-EFS**, and **ECF No. 96 in Case No. 2:13-cr-6040-EFS**, is **GRANTED IN PART and DENIED IN PART**.

2.      An **AMENDED JUDGMENT** imposing a **120-month sentence of imprisonment** is to be entered.

3.      Defense counsel is **DISCHARGED** of further representation in this matter.

/////

////

///

//

/

---

[67] *See* 18 U.S.C. § 3582(c)(1)(A); *Keller*, 2 F.4th at 1283.

4.      This case shall be **CLOSED** following entry of the Amended

Judgment.

IT IS SO ORDERED. The Clerk's Office is directed to enter this order and

provide copies to Mr. Milton, all counsel, the U.S. Probation Office, and the Bureau

of Prisons.

**DATED** this 30th day of November 2022.

_Edward F. Shea_
_____
EDWARD F. SHEA
Senior United States District Judge

ORDER - 21